FILED

SEP 1 6 2005

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 )<br>) No. 0:05-bk-00254-JMM<br>)<br>) **MEMORANDUM DECISION RE:**<br>)<br>) **HOMESTEAD EXEMPTION**<br>)<br>) (Opinion to be Posted) |
| DARRELL KENNETH BENNETT, | |
| Debtor. | |

This matter comes before the court on Debtor's Objection to Aurora Bennett's Motion for Order Disallowing Homestead Exemption. This court held a hearing on the matter on August 15, 2005. After reviewing the arguments, the pleadings, and the entire file, this court now rules.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## FACTS

Darrell Bennett ("Debtor") filed a voluntary Chapter 7 bankruptcy petition on March 8, 2005. Debtor's estranged wife, Aurora Bennett ("Ms. Bennett"), previously initiated a domestic relations action in Yuma County Superior Court, in which she sought dissolution of her marriage to Debtor, custody of their minor child, determination of visitation, award of child support and spousal support, and division of property.

Debtor's Schedule C lists two residences as exempt under Debtor's homestead exemption: 910 Harvard Street and 912 Harvard Street. Both properties are located in Yuma, Arizona. Debtor has listed the exemption value of each residence at $75,000.00.

On April 29, 2005, Ms. Bennett filed a Motion to Approve Order Disallowing Debtor's Homestead Exemption. Ms. Bennett's Motion argues that since only one homestead is allowed under the Bankruptcy Code, Ms. Bennett should be allowed to claim her residence as exempt[1] because she has custody of the parties' minor child. Ms. Bennett's Motion also argues that Debtor claimed a homestead in two separate residences but that he only resides in one. Debtor's Response to Ms. Bennett's Motion contends that (1) 910 Harvard Street is a contiguous parcel with 912 Harvard Street; (2) Debtor and Ms. Bennett have joint legal and physical custody of their minor child; and (3) the right to claim exemptions rests solely in the spouse filing bankruptcy.

The court heard arguments on August 15, 2005 and took the matter under advisement.

## ISSUES

1. Whether a married debtor, separated from his spouse, can claim a homestead in the property he resides in? In other words, does any party besides the debtor have a right to choose which property to claim as exempt?

2. If Debtor is allowed to claim a homestead in his residence, are 910 Harvard Street and 912 Harvard Street one residence for purposes of the homestead exemption?

---

[1] Her residence is neither of the properties claimed by Debtor.

2

Case 0:05-bk-00254-JMM    Doc 50    Filed 09/16/05    Entered 09/20/05 15:21:52    Desc
Main Document    Page 2 of 7

# DISCUSSION

## 1. Capacity of Debtor Spouse to Exempt Residence

Pursuant to 11 U.S.C. §522(b)(2)(A), Arizona law controls the Debtor's claimed homestead exemption.[2] A.R.S. § 33-1101(A) provides, in relevant part:

> Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred fifty thousand dollars in value, any one of the following:
>
> (1) The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides.
>
> . . .
>
> (3) A mobile home in which the person resides.
>
> (4) A mobile home in which the person resides plus the land upon which that mobile home is located.

Debtor claimed a homestead exemption in 910 Harvard Street and 912 Harvard Street. Ms. Bennett argues that she should be allowed to claim her residence as exempt because she has custody of the parties' minor child. However, "[t]he filing by a spouse of an individual bankruptcy petition creates an estate which encompasses *community property* that is under the spouse's joint management and control as of the date of the petition." *In re Homan*, 112 B.R. 356, 359 (9th Cir. BAP 1989), citing 11 U.S.C. § 541(a)(2)(A); *In re Fietz*, 852 F.2d 455, 458 (9th Cir. 1988); *In re Willard*, 15 B.R. 898, 900 (9th Cir. BAP 1981). In addition, "[t]he right to claim exemptions in this property vests *solely* in that spouse." *Homan*, 112 B.R. at 359, citing 11 U.S.C. § 522(b).

When Debtor filed his bankruptcy petition, all community property of Debtor and Ms. Bennett became a part of Debtor's bankruptcy estate. At the time of filing his petition, Debtor and Ms. Bennett's community property included the Harvard Properties. The entry of the Harvard Properties

---

[2] Arizona has opted out of the federal exemption scheme. A.R.S. §33-1133(B).

into Debtor's bankruptcy estate gave Debtor the exclusive right to claim the homestead exemption. Debtor chose that property. That Ms. Bennett has primary physical custody of the parties' minor child is immaterial. Therefore, Debtor has the sole right to claim which property will be his homestead.

### 2. The Harvard Properties

Arizona courts have held that homestead exemptions should be interpreted liberally to advance their objectives. "[T]he fundamental purpose of the homestead law is to protect the family against the forced sale of home property from certain creditors, and, to further this purpose, the homestead laws should be interpreted liberally to advance the objectives of the statutes." *Matcha v. Winn*, 131 Ariz. 115, 117, 638 P.2d 1361, 1363 (App.Div.1 1981).

Debtor has claimed a homestead exemption in 910 Harvard Street and 912 Harvard Street, claiming that the Harvard Properties are a contiguous parcel, connected to the same septic tank and water meter. Debtor has a manufactured home on 910 Harvard Street, in which he resides, and claims to use the other lot to park cars and for storage. A.R.S. § 33-1101(A) allows a homestead exemption in "the land upon which that mobile home is located."

A.R.S. § 33-1101(A)(4) "does not, by its terms, limit the real property to a single subdivision lot, but rather permits the claim to extend to 'the land upon which that mobile home is located.' This imposes no acreage or any other kind of size limitation; the only requirement is that the land be land on which the mobile home is located." *In re Allman*, 286 B.R. 402, 404 (Bankr.D.Ariz. 2002). The bankruptcy court in *Allman* held that "the language 'plus the land upon which that mobile home is located' . . . include[s] the entire contiguous parcel of land on which the mobile home sits, regardless of whether it consists of one or more lots as determined by the subdivision plat or assessor's parcel numbers . . . ." *Id.* at 407.

Even though Debtor claimed two lots as his homestead, this exemption potentially could be

4

allowed because 910 Harvard Street and 912 Harvard Street constitute a contiguous parcel of land upon which Debtor's manufactured home sits. In addition, Debtor's Schedule C lists the value of each lot at $75,000.00. Since the two lots combined total $150,000.00, Debtor's exemption has not exceeded the statutory homestead exemption amount of $150,000.00.

However, Debtor cannot claim two contiguous lots as his homestead if "there is evidence that a subdivided portion of the entire parcel is not being used for residential purposes." *Id.* At the hearing, Debtor claimed that he used the property at 912 Harvard Street to park cars and for storage. Ms. Bennett claimed that 912 Harvard Street was a rental lot but that the Debtor was not currently renting it. Ms. Bennett has the burden of proving that Debtor uses 912 Harvard Street for other than residential purposes, but was unable to provide any evidence prior to or at the time of the hearing that Debtor indeed rented 912 Harvard Street.

Subsequent to the hearing, Ms. Bennett submitted a Supplemental Memorandum Regarding Motion for Disallowance of Homestead Exemption, which provided evidence that Debtor receives rental payments on 912 Harvard Street. However, this court has listened to the transcript of the August 15, 2005 hearing, and at no time did Ms. Bennett make a request to submit additional information relating to the issue nor did this court grant leave for her to do so. The matter was fully submitted on August 15, 2005. Therefore, filing her Supplemental Memorandum subsequent to the hearing provided no opportunity for Debtor to review or rebut the new evidence presented. If this court were to now take this evidence into consideration, it would be denying Debtor his due process rights. Therefore, this court will not consider Ms. Bennett's Supplemental Memorandum.

Accordingly, since Ms. Bennett stated at the hearing that Debtor was not currently renting 912 Harvard Street, there is no evidence contrary to Debtor's position that the lots were being used for something other than Debtor's residential purposes. Therefore, 910 Harvard Street and 912 Harvard Street are "one compact body" for purposes of the homestead exemption.

Case 0:05-bk-00254-JMM    Doc 50    Filed 09/16/05    Entered 09/20/05 15:21:52    Desc
Main Document      Page 5 of 7

## **CONCLUSION**

Under the law of the Ninth Circuit, a debtor has the sole right to claim which property will be his homestead. Ms. Bennett's Motion seeking to disallow Debtor's homestead exemption on the grounds that he should be required to instead claim a homestead on *her* residence, simply because the parties' minor child resides with her, is denied. In addition, Ms. Bennett's Motion seeking to disallow Debtor's homestead exemption will also be denied because Arizona law provides that a homestead can be taken in "one compact body."

A separate order will be entered concurrently with this Memorandum Decision.

DATED: September 16, 2005

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

COPIES served as indicated below this 16 day of Sept , 2005, upon:

John Weil
Weil & Weil, PLLC
1600 South Fourth Avenue, Suite C
Yuma, AZ 85364
Attorneys for Debtor
U.S. Mail

Lawrence C. Kentworthy
Hunt, Kentworthy & Hossler
330 West 24th Street
Yuma, AZ 85364
Attorneys for Aurora Bennett
U.S. Mail

Jim D. Smith
221 South Second Avenue
Yuma, AZ 85364
Chapter 7 Trustee
U.S. Mail

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706
U.S. Mail

By _MB Thompson_
Judicial Assistant